**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE  DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **TRACY D. WELCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No.** |
| | ) | **JURY DEMAND** |
| **KINCAID MOVING AND** | ) | |
| **STORAGE, INC.** | ) | **Judge _____** |
| | ) | **Magistrate Judge _____** |
| **Defendant.** | ) | |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and  alleges the following in her cause of

action against Defendant: <u>Count One</u> - Violations of the Civil Rights Act of 1991; <u>Count Two</u> -

Violations of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000e; <u>Count Three</u>

- Violations of the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq.* and <u>Count Four</u> -

Violations of the ADEA;  and, Count Five-Common Law Retaliation.

    1.     Plaintiff Tracy D. Welch  resides in Davidson  County, Tennessee.

    2.     Defendant, Kincaid Moving & Storage, is a for profit corporation located at 2365

South Church Street, Nashville, Davidson County, Tennessee.  It can be served through its registered

agent Joseph M. Kincaid, 535 Savannah Ridge, Murfreesboro, Tennessee 37127.

### JURISDICTION AND VENUE

    3.     This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981 and

1983; Title VII of the Civil Rights Act of 1964; 42 U.S.C. 2000e; the Tennessee Human Rights Act,

T.C.A. §4-21-101 *et seq.,* the ADEA  and the common law of the State of Tennessee.

1

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Western District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff is a female born on March 7, 1968.

9. Defendant employs fewer than 15 employees in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

10. Plaintiff was hired in December of 2004 as an office manager.

11. Plaintiff performed her job up to and beyond the expectations of her employer without any significant disciplinary issues.

12. After the first few years of employment, Defendant hired a younger female employee. This employee had significantly less office managerial experience than did Plaintiff.

13. Defendant began paying this new employee a higher wage than Plaintiff and giving to her benefits Plaintiff was never given such as a company fuel card. This despite the fact this

2

new employee worked less. As part of Plaintiff's position, she was required to do a significant amount of travel, especially to Clarksville, Tennessee where Defendant had an additional facility.

14.     In addition, Defendant's owner, Plaintiff's supervisor, spent an inordinate amount of time with this new employee. This was noticed by other employees in the facility.

15.     Plaintiff approached her supervisor and complained about being treated less favorably than compared to this new employee due to her age and their relationship.

16.     Plaintiff was then terminated on November 15, 2010.

17.     Plaintiff's termination was motivated by her age, relationship between her supervisor and this new employee, and her complaint of discrimination.

## COUNT ONE
## Violations of the Civil Rights Act of 1991,
## Against Defendant

18.     Defendant's conduct described herein violated the Civil Rights Act of 1991.

19.     Defendant acted intentionally, recklessly, or maliciously when it refused to treated Plaintiff less favorably and terminated her in violation of the Civil Rights Act of 1991.

20.     Defendant's retaliation and discrimination of Plaintiff was part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991.

21.     As a direct and proximate result of Defendant's violation of the Civil Rights of 1991, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT TWO

3

**Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e**

22.    Plaintiff filed her charge with the EEOC and demanded her Right to Sue Letter.

23.    Defendant has fewer than 15 employees.

24.    During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, Defendant is subject to the rules, regulations and penalties of this law.

25.    Defendant denied Plaintiff the opportunity to remain employed, which was afforded to a younger, less qualified female and received far less favorable treatment.

26.    This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

27.    The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the Tennessee Human Rights Act Against Defendant

28.    The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

29.    Defendant is a "person" as defined by the Tennessee Human Rights Act.

30.    Defendant did segregate or classify Plaintiff based upon her gender in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of T.C.A. §4-21-401.

4

31.     Defendant's treatment of Plaintiff resulted from a knowing and intentional pattern of discrimination in violation of the Tennessee Human Rights Act.

32.     As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT FOUR
### Violations of the ADEA

33.     The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

34.     Defendant is a "person" as defined by the Age Discrimination in Employment Act.

35.     Defendant did segregate or classify Plaintiff based upon her age in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee.

36.     Defendant's refusal to promote Plaintiff and treat her less favorably than her younger counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

37.     As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

5

## COUNT FIVE
### Retaliation

38.     Plaintiff alleges that the intentional acts and omissions as described herein by the

defendant constitutes adverse employment actions of retaliation for complaining of

discrimination under either Title VII, the ADEA or the Tennessee Human Rights Act, which

entitles her to compensatory damages in an amount to be determined, reinstatement, back pay,

front pay, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays:

1.      For a jury to be empaneled and a judgment of compensatory damages to include

front pay, back pay and emotional suffering;

2.      Attorneys' fees and the cost of litigation to include expert fees;

3.      Damages for humiliation, embarrassment, emotional pain and other damages;

4.      All other remedies and injunctions as are necessary and proper to eliminate the

discriminatory practices of Defendant;

5.      Punitive damages;

6.      A judgment against Defendant for prejudgment interest; and

7.      Such other relief as this Court deems proper.


Respectfully submitted;

KELLY, KELLY & ALLMAN


BY: _____
ANDY L. ALLMAN #17857

6

Attorney for Plaintiff
629 East Main Street
Hendersonville, TN 37075
Telephone: (615) 824-3703
Facsimile:   (615) 824-2674

7